# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BENSON A. WRIGHT,

        Petitioner,        Case Number: 05-CV-60066

v.        HON. MARIANNE O. BATTANI

RAYMOND D. BOOKER,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Benson A. Wright, a state inmate currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1999 convictions for eight counts of assault with intent to do great bodily harm and one count of arson of a dwelling house. Because the Court finds that the state courts' decisions affirming Petitioner's convictions were not contrary to or an unreasonable application of Federal law, the Court denies the petition.

### I.  Facts

Petitioner's convictions arise out of a house fire at 281 East Grand Boulevard in the City of Detroit on December 31, 1997.

Eugenia Posey testified that, prior to December 31, 1997, she dated Petitioner for several months and also sold drugs for him. She stopped selling drugs for him sometime prior to New Year's Eve 1997. Petitioner threatened to burn her house down when she stopped selling drugs for him. Ms. Posey testified that she arrived at her aunt Carleana Hinton's house, where she was staying, at approximately 11:30 a.m. on December 31, 1997. She received several phone calls

from Petitioner that day in which he threatened to burn the house down. At approximately midnight, her Aunt ran down the stairs yelling that there was a fire and someone had thrown a cocktail into the house. They managed to extinguish the fire before the police arrived.

Carleana Hinton testified she owned the home at 281 West Grand Boulevard. On December 31, 1997, she was at her home with seven other people, including some of her grandchildren, when she heard a loud explosion, saw a flash, and realized the house was on fire. She and the other adults grabbed the children and removed them to safety. She then tried to extinguish the fire.

Beverly Fulks testified that she lived next door to her sister, Carleana Hinton. On the night of New Year's Eve, 1997, she heard a noise, looked out the back window of her home, and saw Petitioner in the back yard with four other men. She saw a lighted object in Petitioner's hand, then saw him throw it towards her sister's home.

Palestine Hinton-Fields testified that she was present at her mother Carleana Hinton's home on New Year's Eve 1997, with her eight-year old son. At approximately midnight, her son came running down the stairs screaming that there was a fire. Seconds later, Ms. Fulks screamed that Petitioner had thrown a firebomb at the house.

Michael Mink, a fire investigator for the Detroit Fire Department, testified as an expert in the area of cause and origins of fires. He testified that he determined that a Molotov cocktail caused the fire.

Petitioner presented an alibi defense. His girlfriend, Tanisha Cunningham, testified that Petitioner spent New Year's Eve with her. Petitioner testified in his own defense. He testified that he spent New Year's Eve with Ms. Cunningham, and denied setting the fire.

## II.  Procedural History

Petitioner was charged with eight counts of assault with intent to murder, Mich. Comp. Laws § 750.83, and one count of arson of a dwelling house, Mich. Comp. Laws § 750.72. Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of eight counts of assault with intent to do great bodily harm, and one count of arson of a dwelling house.  On February 23, 1999, he was sentenced to six to twenty years imprisonment on each of the eight assault convictions, and fifteen to forty years imprisonment for the arson conviction.  These sentences were enhanced based upon Petitioner's status as a third habitual offender.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I. Was there insufficient evidence upon which to convict appellant of assault with intent to commit great bodily harm?
>
> II. Under the circumstances of the case, did the trial court commit reversible error in admitting other acts evidence?
>
> III. Is the appellant entitled to a new trial because during the course of closing the prosecutor made numerous improper arguments regarding facts which were not properly in evidence thereby denying appellant a fair trial and thus creating reversible error?

Petitioner filed a *pro per* supplemental brief, raising the following claims:

> I. The trial court committed reversible error by admitting irrelevant bad act evidence contrary to M.R.E. 404(b) where the prosecutor failed to show that its probative value to a material issue outweighed its inherently prejudicial character, thereby denying the defendant due process under the U.S. Const. Ams. V, XIV; Mich. Const. 1963, Art. 1, Sec. 17.
>
> II. Defendant was denied his constitutional right to effective assistance of counsel, thereby denying him due process pursuant to U.S. Const. Ams. V, VI, XIV; and Mich. Const. 1963, Art. 1, Secs. 17, 20.
>
> III. The appellant is entitled to a new trial because during the course of closing, the

>
> prosecutor made numerous improper arguments regarding facts which were not in evidence thereby denying appellant a fair trial and due process under the U.S. Const. Ams. V, XIV; Mich. Const. 1963, Art. 1, Sec. 17.
>
> IV. The defendant was denied a fair trial under the 14th Amendment of the U.S. Constitution when the prosecutor solicited perjured testimony from the witness.

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Wright, No. 218920 (Mich. Ct. App. March 30, 2001).

Petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Wright, No. 119313 (Mich. Oct. 29, 2001).

Petitioner filed a motion for relief from judgment, raising the following claims:

> I. Defendant Wright was denied effective assistance of trial counsel, in violation of the U.S. Constitution, . . . due to counsel's cumulative deficient performance, thereby causing the burden of proof to shift during the appellate process where counsel's deficient performance ("failure to perform essential duties") was the "cause" for the prejudicial . . . errors.
>
> II. Defendant/appellant Wright was denied effective assistance of appellate counsel during the appellate process, in violation of the U.S. Constitution, . . . where appellate counsel's cumulative incompetence was the cause for the procedurally defaulted issues during direct appeal.

The trial court denied the motion. People v. Wright, No. 98-004952 (Wayne County Circuit Court March 18, 2003).

Petitioner filed an application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for "failure to meet the burden of establishing entitlement to relief." People v. Wright, No. 249753 (Mich. Ct. App. July 9, 2004). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal. People v. Wright,

No. 126604 (Mich. Dec. 29, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. Petitioner was deprived of his constitutional rights to a fair trial, to due process of law and to equal protection under Mich. Const. 1963, Art. 1, § 17, § 20; United States Constitutional Ams. V, VI, XIV, where the trial court committed error by admitting irrelevant bad act evidence contrary to M.R.E. 404(b) and F.R.E. 404(b), where the prosecutor failed to show that its probative value to a material issue outweighed its inherently prejudicial character.
>
> II  Defendant was deprived of his constitutional rights to a fair trial, to due process of law and to equal protection under Mich. Const. 1963, Art. 1, § 17, § 20; United States Constitutional Ams. VI, XIV, where he was deprived of his Sixth Amendment right to the effective assistance of counsel, where trial counsel's cumulative errors and deficient performance, fell below an objective standard of reasonableness, where counsel failed to perform essential duties.
>
> III. Petitioner was deprived of his constitutional rights to due process of law and to equal protection under Mich. Const. 1963, Art. 1, § 17, § 20; United States Constitutional Ams. VI, XIV, where he was deprived of the effective assistance of counsel on his direct appeal of right, where appellate counsel's performance also fell below an objective standard of reasonableness, and because of appellate counsel's acts omissions and incompetence, he prejudiced Petitioner's appeal.
>
> IV. Petitioner was deprived of his constitutional rights to a fair trial, to due process of law and to equal protection under Mich. Const. 1963, Art. 1, § 17, § 20; United States Constitutional Ams. V, VI, XIV, where during the course of closing arguments, the prosecution made numerous improper arguments regarding facts which were not in evidence.
>
> V. Petitioner was deprived of his constitutional rights to a fair trial, to due process of law and to equal protection under Mich. Const. 1963, Art. 1, § 17, § 20; United States Constitutional Ams. V, VI, XIV, where the prosecution knowingly solicited perjured testimony from a witness during Petitioner's trial.
>
> VI. Petitioner was deprived of his constitutional rights to a fair trial, to due process of law and to equal protection under Mich. Const. 1963, Art. 1, § 17, § 20; United States Constitutional Ams. V, VI, XIV, where there was insufficient evidence upon which to convict Petitioner of assault with intent to do great bodily harm.

### III.  Petitioner's Motion for Leave to Amend Petition

Petitioner has filed a "Motion for Leave to Amend Petition for Writ of Habeas Corpus, or Alternatively, Motion to Defer Briefing and/or to Close the Case Administratively to allow Petitioner to Exhaust Related State Remedies" (Motion for Leave to Amend Petition). Petitioner also filed a "Motion to Strike and Correct," in which he asks that he be permitted to correct the Motion for Leave to Amend Petition to reflect that he seeks a stay in this case rather than that the case be closed. The Court shall grant the Motion to Strike and Correct.

Petitioner seeks leave to amend his petition to add an additional claim, that the prosecutor failed to provide him with proper notice of the habitual offender charge. The Court will allow Petitioner to amend his petition to add this additional claim. Petitioner states that this claim is unexhausted and, therefore, seeks a stay while he returns to state court to exhaust this claim. The Michigan Court of Appeals, in addressing one of Petitioner's ineffective assistance of counsel claims, addressed whether Petitioner had notice of the habitual offender charge. However, the Court need not determine whether the presentation of the claim to the Michigan Court of Appeals in that context constituted a fair presentation of the claim sufficient to satisfy the exhaustion requirement. The requirement for exhaustion of remedies raises only federal-state comity concerns and is not a jurisdictional limitation on the power of the court. Granberry v. Greer, 481 U.S. 129, 131-36 (1987). An unexhausted claim may be addressed if the claim is without merit, and addressing the claim would serve the interest of judicial efficiency and would not offend federal-state comity concerns. Matthews v. Abramajtys, 92 F. Supp. 2d 615, 628 (E.D. Mich. 2000). As discussed below, because the Court determines that the unexhausted claim lacks merit, the Court declines to issue a stay and will address the petition in the interests of judicial efficiency and justice.

## IV.  Discussion

### A.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

---

[1]  28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 409-11.

### B.  Admission of Other Acts Evidence

Petitioner claims he is entitled to habeas corpus relief because the trial court improperly permitted admission of other acts evidence. Specifically, Petitioner objects to testimony regarding a previous assault committed against complainant Eugenia Posey and testimony regarding his drug-dealing activities.

The Michigan Court of Appeals held that the trial court did not err in admitting this testimony because the evidence was admissible without regard to Michigan Rule of Evidence 404(b). The Court of Appeals reasoned:

> Defendant's involvement in drug dealing and his prior assault of the complainant were so connected to the fire bombing for which defendant was charged, that evidence of these "other acts" was admissible for the purpose of providing the jury with the "complete story," i.e., that defendant became angry when the complainant refused to continue to sell drugs for defendant, and when the prior assault did not persuade the complainant to return to selling drugs for defendant, defendant decided to punish her by fire bombing her home.

Wright, slip op. at 2.

"'[F]ederal habeas corpus review does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991), *quoting* Louis v. Jeffers, 497 U.S. 764, 780 (1990). "Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994), *citing* Fuson v. Jago, 773 F.2d 55, 59 (6th Cir. 1985). Therefore, to the extent that Petitioner alleges the admission of other acts testimony violated state law, habeas relief is unavailable.

Petitioner also alleges that the admission of this evidence violated his right to a fair trial. "When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003). The "category of infractions" that violate fundamental fairness have been defined "very narrowly." Id. "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Id. (internal quotation omitted).

There exists no clearly establish Supreme Court precedent holding that a state violates

9

due process by permitting propensity evidence through the admission of other bad acts evidence. Id. The Supreme Court has addressed the admission of other acts evidence in the context of the Federal Rules of Evidence, but has not addressed the issue in constitutional terms. Id. at 513. Thus, the state court's decision was not contrary to or an unreasonable application of Supreme Court precedent.

### C. Ineffective Assistance of Trial Counsel Claim

In his second claim, Petitioner argues that he is entitled to habeas corpus relief because his trial attorney was ineffective. Specifically, petitioner alleges that his attorney was ineffective in failing to investigate Petitioner's case and call potential alibi witnesses, failing to select an unbiased jury, failing to object to the admission of irrelevant testimony, and failing to adequately cross-examine and impeach prosecution witnesses.

Respondent argues that Petitioner's ineffective assistance of counsel claims are barred from review because they are procedurally defaulted.

The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994); Murray v. Carrier, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule

applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. Coleman, 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." Simpson v. Sparkman, 94 F.3d 199, 202 (6th Cir. 1996).

Petitioner raised this claim for the first time on collateral review in state court. The Michigan Supreme Court denied leave to appeal on the ground that Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." Wright, No. 126604, slip op. at 1. Respondent argues that the Michigan Supreme Court's reliance on M.C.R. 6.508(D) establishes procedural default.

M.C.R. 6.508(D) applies to motions for relief from judgment, and states, in relevant part:

(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

(1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;

(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

11

> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief . . .

M.C.R. 6.508(D).

"Although 6.508(D)(1), (2), and (3) list specific procedural grounds for denying a defendant relief from judgment, these procedural grounds are not the exclusive grounds for which a court may deny relief pursuant to M.C.R. 6.508(D)." Abela v. Martin, 380 F.3d 915, 922 (6th Cir. 2004). Thus, where the Michigan Supreme Court references only M.C.R. 6.508(D) generally as a basis for denying leave to appeal, that reference, without more, is insufficient to establish that the court denied leave to appeal based upon a procedural ground. Id. However, where other "clarifying indicators" clearly demonstrate the state court's intention to invoke an "independent and adequate state procedural rule" by its general reference to 6.508(D), a federal court may determine that federal habeas review is barred. *Id*. at 923-924. Other "clarifying indicators" include where state courts below the supreme court specifically invoke a procedural bar. Id. In this case, the trial court specifically invoked Mich. Ct. R. 6.508(D)(3), in denying relief on this claim. Mich. Ct. R. 6.508(D)(3) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice. Luberda v. Trippett, 211 F.3d 1004, 1007 (6th Cir. 2000), *citing* Rogers v. Howes, 144 F.3d 990 (6th Cir. 1998). Thus, the Court finds that the Michigan Supreme Court's reliance on M.C.R. 6.508(D) is sufficient to establish procedural default.

Petitioner asserts ineffective assistance of appellate counsel as cause to excuse his procedural default of these ineffective assistance of counsel claims. The Supreme Court has held

that "cause" under the cause and prejudice standard must be "something *external* to the petitioner, something that cannot be fairly attributed to him." Coleman, 501 U.S. at 753. The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error' . . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." Id. at 753-54 (internal citations omitted).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Strickland, 466 U.S. at 688; additional internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. Strickland, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'").

13

Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Id.

The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

Id. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990).

The trial court, applying the Jones v. Barnes standard, held that Petitioner failed to show that his appellate attorney was ineffective. The trial court characterized Petitioner's's claims as "a mish-mash of legal concepts and reference to case law that is totally devoid of any reasonable application to the alleged violations." Wright, slip op. at 1. The trial court proceeded to find that Petitioner's failed to overcome the presumption that his trial attorney rendered effective assistance. Further, the trial court held that Petitioner failed to allege that he was prejudiced by counsel's alleged errors. Id. Therefore, the court concluded, he failed to establish that appellate counsel was ineffective. The trial counsel's reasoning, although far from exhaustive, was not contrary to or an unreasonable application of Strickland or Barnes. Petitioner disagrees with the trial court's finding, but fails to offer any specific arguments to support his conclusory allegations that trial counsel was ineffective. For example, Petitioner alleges that trial counsel

14

was ineffective in failing to investigate, interview and call alibi witnesses, but fails to provide any argument in support of his claim that these witnesses would have provided an alibi for him. Based upon Petitioner's conclusory arguments, Petitioner has failed to establish that his appellate counsel was ineffective in failing to raise the issues of ineffective assistance of counsel on direct appeal. He, therefore, cannot show that the trial court's decision was contrary to or an unreasonable application of Supreme Court precedent.

Thus, Petitioner has failed to establish cause to excuse his procedural default, and his claims are barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. Id.. at 321. Thus, the petitioner must assert a constitutional error along with a claim of innocence. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." Id. at 327. The Court further explained this standard as follows:

> The . . . standard is intended to focus the inquiry on actual innocence. In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal to consider the probative force of relevant evidence that was either excluded or unavailable at trial. . . . The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including . . . evidence tenably claimed to have been wrongly excluded or to have become available only after trial.
>
> . . . .
>
> . . . [A]ctual innocence does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would

>have found the defendant guilty.  It is not the district court's independent
>judgment as to whether reasonable doubt exists that the standard addresses; rather
>the standard requires the district court to make a probabilistic determination about
>what reasonable, properly instructed jurors would do.  Thus, a petitioner does not
>meet the threshold requirement unless he persuades the district court that, in light
>of the new evidence, no juror, acting reasonably, would have voted to find him
>guilty beyond a reasonable doubt.

Id. (internal quotation omitted).

Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty.  Therefore, Petitioner's ineffective assistance of counsel claims are barred from consideration by procedural default.

### D.  Ineffective Assistance of Appellate Counsel Claim

Petitioner's ineffective assistance of counsel claim is asserted as cause to excuse his procedural default and is addressed in that context.

### E.  Prosecutorial Misconduct Claims

Petitioner next claims that habeas relief is warranted because the prosecutor engaged in misconduct.  Specifically, Petitioner argues that the prosecutor, during closing argument, argued facts not in evidence, and solicited perjured testimony from a prosecution witness.  Respondent argues that these claims are procedurally defaulted because the Michigan Court of Appeals held that the claims were not preserved for review where counsel failed to make a contemporaneous objection.

This Court begins its analysis of whether Petitioner's claims are procedurally defaulted by looking to the last reasoned state court judgment denying Petitioner's claim.  *See* Coleman, 501 U.S. at 729-30.  The last state court to address these claims, the Michigan Court of Appeals, held that the issues were not preserved for appellate review because Petitioner failed to object.

Wright, slip op. at 2-3. Accordingly, the state court's judgment clearly rested on a procedural bar and the doctrine of procedural default applies.

Therefore, this Court may not review Petitioner's claims unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

Petitioner fails to assert cause to excuse his procedural default. He also has not supported his allegations of constitutional error with new reliable evidence of actual innocence that was not presented to the trial court. Accordingly, his prosecutorial misconduct claims are procedurally barred.

### F. Sufficiency of the Evidence

Petitioner argues that insufficient evidence was presented to sustain his convictions for assault with intent to commit great bodily harm.

In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. §

2254(e)(1); <u>West v. Seabold</u>, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

The last state court to issue a reasoned opinion regarding Petitioner's sufficiency of the evidence claim, the Michigan Court of Appeals, stated, in relevant part:

> In reviewing the sufficiency of the evidence, this Court must view the evidence in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. <u>People v. Wolfe</u>, 440 Mich. 508, 515; 489 N.W.2d 748, amended 441 Mich. 1201 (1992).
>
> . . . [A]ssault with intent to commit great bodily harm less than murder requires proof of (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder. . . . [T]his offense is a specific intent crime. Intent may be inferred from all the facts and circumstances. <u>People v. Daniels</u>, 163 Mich. App. 703, 706, 708; 415 N.W.2d 282 (1987). Furthermore, because of the difficultly of proving an actor's state of mind, minimal circumstantial evidence is sufficient. . . .
>
> Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the prosecution proved the requisite intent beyond a reasonable doubt where it showed that defendant called the victim's house and threatened her, and then threw a firebomb into the house. Moreover, because the prosecutor did produce sufficient evidence to support the finding that defendant intended to commit great bodily harm to the complainant, there was sufficient evidence to support the seven other assault convictions because the doctrine of transferred intent applies to this situation. *See* <u>People v. Lovett</u>, 90 Mich. App. 169, 172; 283 N.W.2d 357 (1979). Before a defendant can be convicted under the doctrine of transferred intent, it must be shown that "he had the intention to cause great bodily harm to someone" and '[i]t is only necessary that the state of mind exist, not that it be directed at a particular person." <u>Id.</u> Thus, given the evidence at trial, the specific intent element of the crime was satisfied for each of the eight charges.

<u>Wright</u>, slip op. at 1-2 (internal quotations omitted).

The Court finds this resolution of Petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law. The Court of Appeals' decision cited case law which plainly incorporated the <u>Jackson</u> standard and explained and supported its conclusion that a rational trier of fact could have found Petitioner

guilty beyond a reasonable doubt. Petitioner has not presented any new evidence to show that the state court's findings of fact were erroneous. Therefore, according the state court's factual findings a presumption of correctness, *see* 28 U.S.C. § 2254(e)(1), this Court concludes that the state court of appeals' decision that all of the elements of the crime were satisfied did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### G. Notice of Habitual Offender Charge

Finally, Petitioner claims that his habitual offender third conviction was invalid because he did not receive adequate notice of the habitual offender enhancement.

Due process does not require that a defendant receive notice of a habitual offender charge prior to trial on the substantive offense. Oyler v. Boles, 368 U.S. 448, 504 (1962). However, a defendant must receive "reasonable notice" and "an opportunity to be heard." Id. Where a defendant is informed of a recidivist charge and does not contest its validity, the defendant may not in a later habeas corpus proceeding maintain that he or she was not advised of or afforded an opportunity to contest that charge. Id. at 504-05.

In this case, in addressing one of Petitioner's ineffective assistance of counsel claims, the Michigan Court of Appeals held that Petitioner was charged as a habitual offender from the outset. Petitioner has failed to show that the state court's factual finding was incorrect or clearly erroneous. Therefore, Petitioner's claim that the trial court improperly sentenced him as a habitual offender is meritless.

### V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion to Strike and

19

Correct is **GRANTED**.

IT IS FURTHER ORDERED that Petitioner's "Motion for Leave to Amend Petition for Writ of Habeas Corpus, or Alternatively, Motion to Defer Briefing and/or to Close the Case Administratively to Allow Petitioner to Exhaust Related State Remedies" is **GRANTED IN PART AND DENIED IN PART**. The Court grants Petitioner's request to amend his petition and denies his request to close or stay the case.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

      s/Marianne O. Battani
      MARIANNE O. BATTANI
      UNITED STATES DISTRICT JUDGE

Dated: November 29, 2006